**Michael COHEN, Executor Estate of Evelyn Donnerstag, Deceased, Plaintiff—Appellant,**

v.

**Kathleen CONNELL, State Controller, Defendant—Appellee.**

No. 02–16248.

D.C. No. CV–01–01587–EJG/JFM.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

California resident Michael Cohen appeals pro se from the district court's judgment dismissing his action alleging that the California State Controller's enforcement of California's estate tax violates his constitutional rights guaranteed by the Fifth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo questions of Eleventh Amendment immunity, *Hill v. Blind Indus. & Servs. of Maryland,* 179 F.3d 754, 756 (9th Cir.

1999), and we vacate the district court's order and remand.

The district court erred by dismissing the entire action under the Eleventh Amendment. At least some of Cohen's claims appear to seek prospective declaratory and injunctive relief against a state official for alleged violation of federal law, and thereby fall under the *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), exception to Eleventh Amendment immunity. *See Agua Caliente Band of Cahuilla Indians v. Hardin,* 223 F.3d 1041, 1045–46 (9th Cir.2000) (finding no Eleventh Amendment bar to an Indian Tribe's federal action against state officials seeking a declaratory judgment that certain California sales and use taxes violate federal law); *Goldberg v. Ellett (In re Ellett),* 254 F.3d 1135, 1143–44 (9th Cir.2001) (holding that the Eleventh Amendment does not bar an action to prohibit a state official from violating federal bankruptcy law by collecting the taxes at issue).

The parties shall bear their own costs on appeal.

VACATED and REMANDED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.